IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PHILLIPPE ROSTIN and ELEPHANT
BUTTE WINE, LTD., a Bahamian
Corporation,**

                **Plaintiffs,**

v.                                                                                    CIV. No. 97-1101 JP/WWD

**OPP IX, L.P., A Missouri Limited
Partnership, and its general partner,
BENCHMARK MANAGEMENT GROUP,
INC., a Missouri Corporation,**

                **Defendants.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction, or to Stay the Proceedings Pending Arbitration Pursuant to a Written Agreement to Arbitrate, or in the Alternative to Transfer the Case to the United States District Court for the Western District of Missouri" [Doc. No. 8], filed January 13, 1998.  After a careful reading of the briefs and the relevant law, I have concluded that the court is without personal jurisdiction over defendant Benchmark and that the case should be stayed pending arbitration.[1]

---

[1] I have not considered in this Memorandum Opinion and Order the portion of defendants' motion requesting a change of venue to the Western District of Missouri.  However, defendants may renew that request at a later date, if appropriate.

**Personal Jurisdiction**

Both defendants assert that this case should be dismissed for lack of personal jurisdiction. Specifically, OPP IX, L.P. ("OPP IX") and Benchmark Management Group ("Benchmark") argue that they have never conducted business in New Mexico, maintained an office here, or done anything else constituting minimum contacts with the state.

Due process requires that a non-resident defendant have sufficient "minimum contacts" with the forum state of such a character "that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citation omitted). The contacts with the forum state must rise to the level that the defendant should "reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).  Finally, the defendant must "...purposely avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).

OPP IX is a Missouri limited partnership whose sole asset is in Nevada.  Defendants' Brief at 1, ¶1.  Benchmark is a Missouri corporation with its principal place of business in Missouri and is the sole general partner of OPP IX.    Defendants' Brief at 1, ¶2.  Plaintiffs own limited partnership "units" in OPP IX.   Defendants' Brief at 1, ¶3.  Plaintiffs contend that both defendants have had sufficient minimum contacts with New Mexico through the activities of Oppenheimer Industries ("Oppenheimer"), OPP IX's former general partner.  Plaintiffs claim that in 1988 Oppenheimer, acting on behalf of OPP IX, solicited the sale of OPP IX limited partnership "units" in New Mexico through the activities of Oppenheimer's agent, Jean Saliot.  In addition, plaintiff has produced a two letters from high ranking Oppenheimer executives to Robert Rostin, a

2

principal of plaintiff Elephant Butte Wine, Ltd., at Robert Rostin's New Mexico address. The first letter conveys a "Confidential Private Placement Memorandum" describing the OPP IX limited partnership offering. The second is a transmittal letter for an exhibit to an agreement of sale. Some time after this correspondence Oppenheimer sold its general partnership interest in OPP IX to Benchmark. Defendants do not appear to dispute that Jean Saliot solicited the sale of OPP IX units in New Mexico or that Oppenheimer sent business letters to plaintiff Elephant Butte Wine, Ltd., in New Mexico. Instead, OPP IX and Benchmark claim that there is no personal jurisdiction over them because only Oppenheimer had contacts with New Mexico.

With respect to OPP IX, that argument is without merit. At the time that Oppenheimer contacted Robert Rostin in New Mexico, it was acting on behalf of and as general partner of OPP IX. The New Mexico long arm statute, NMSA 1978, Section 38-1-16(A), provides in pertinent part:

> Any person, whether or not a citizen or resident of this state, who in person *or through an agent* does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:  (1) the transaction of any business within this state . . . ."

(emphasis added). The letters sent by Oppenheimer as general partner of OPP IX to Robert Rostin were clearly written on behalf of OPP IX. Therefore OPP IX is subject to personal jurisdiction in New Mexico if the actions of Oppenheimer, via Jean Saliot, were sufficient to constitute "minimum contacts" with the state.

On the other hand, there is no basis on which to assert personal jurisdiction over Benchmark. Plaintiff has neither argued nor presented evidence that Benchmark transacted

business in New Mexico.  In addition, there is no evidence that any agent of Benchmark ever conducted business in the state.  Plaintiff contends that Benchmark, as successor to Oppenheimer as general partner of OPP IX, "stands in the shoes" of its predecessor.  Plaintiff's Response at 2, ¶2.  While this may be true as to any liabilities incurred on behalf of the limited partnership, it is not the case with respect to personal jurisdiction.  Personal jurisdiction over Benchmark cannot be based upon the "unilateral activity of another party or a third person," Helicopteros Nacionales de Colombia, S.A. v. Hall,  466 U.S.408, 417, 104 S.Ct. 1868, 1873 (1984); see also Visarraga v. Gates Rubber Co., 717 P.2d 596, 600 , 104 N.M. 143, 147 (N.M. App. 1986), and is proper only where the defendant "deliberately" has engaged in significant activities within a State.  Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 781, 104 S.Ct. 1473, 1481 (1984).  In the absence of any indication that Benchmark had minimum contacts with New Mexico it would be inappropriate to exercise personal jurisdiction and defendants' motion should be granted with respect to Benchmark.

The question remains whether the actions of Oppenheimer through its agents amount to minimum contacts with New Mexico sufficient to exercise jurisdiction over its principal, OPP IX.  The uncontradicted evidence, as presented in the affidavits and exhibits, is that: (1) Jean Saliot, while working for Oppenheimer, solicited the purchase of OPP IX units by the plaintiffs in New Mexico; and (2) Oppenheimer executives corresponded with plaintiff Elephant Butte Wine, Ltd., in New Mexico on at least two occasions.

Ordinarily, the use of the mails, telephone, or other interstate or international methods of communication do not qualify as the sort of "purposeful activity" invoking the benefits and protection of New Mexico's laws for purposes of personal jurisdiction.  Sanchez v. Church of

Scientology of Orange County, 857 P.2d 771, 775, 115 N.M. 660, 664 (1993). However, the presence in New Mexico of an agent who is soliciting or transacting business within the state is likely to constitute the transaction of business within the state as required by the long arm statute. In this case, the pleadings and affidavits submitted on a 12(b)(2) motion are reviewed in a light most favorable to the plaintiff, Doe v. Roman Catholic Diocese of Boise, Inc., 918 P.2d 17, 21, 121 N.M. 738, 742 (Ct. App. 1996) (quoting Theunissen v. Matthews, 935 F.2d 1454, 1459 (6th Cir. 1991)), who has the burden of proving jurisdiction by a preponderance of the evidence. Doe, 918 P.2d at 21. Although it is somewhat unclear from Robert Rostin's affidavit how much time Jean Saliot spent in New Mexico acting as Oppenheimer's agent or what the full scope of his activities were, the uncontroverted evidence is that Saliot solicited business for Oppenheimer within the state. Under these circumstances, plaintiffs have met their burden of showing personal jurisdiction over OPP IX and its motion to dismiss should be denied.

## Arbitration

In their motion defendants request a stay of the proceedings so that the dispute can be submitted to arbitration as provided by the partnership agreement executed by the parties. The relevant portion of the agreement states that "any dispute, controversy or claim arising out of or in connection with, or relating to, this agreement or any breach of alleged breach thereof, except allegations of violations of federal or state securities laws, shall, with the consent of the general partner, be submitted to and settled by arbitration, pursuant to the rules then in effect of the American Arbitration Association." Affidavit of Roger Buford, Exhibit A. Plaintiffs contend that arbitration in not possible in this case because they request equitable relief in the form of an accounting and because the defendants have not demonstrated that the American Arbitration

5

Association ("AAA") has the capability to liquidate and appoint a receiver for a limited partnership.

Section 43 of the Commercial Arbitration Rules of the AAA states that an arbitrator "may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, specific performance of a contract." Federal courts have also interpreted the power of an arbitrator quite broadly. For example, the Eleventh Circuit has stated that when the contract in dispute does not specify the remedies available, the arbitrator has wide discretion in fashioning the appropriate remedy and the fact that a particular remedy was not specifically addressed by the contract does not preclude an arbitrator from granting the proper remedy. Chameleon Dental Products, Inc. v. Jackson, 925 F.2d 223, 225-26 (7th Cir. 1991). Accord Service Employees Int'l Union v. Local 1199 N.E., 70 F.3d 647, 652 (1st Cir. 1995). In addition, the Eleventh Circuit has observed that "in light of the federal policy favoring arbitration at work here, our task is to resolve all doubt in favor of the arbitrator's authority to award a particular remedy." Willoughby Roofing & Supply Co. v. Kajima Int'l, Inc., 776 F.2d 269, 270 (11th Cir. 1985).

In this case, the limited partnership agreement does not restrict the relief that the arbitrator can grant for a breach of the agreement. In light of that fact, it appears that the equitable relief sought by the plaintiffs would be within the scope of the arbitrator's powers. In keeping with the express terms of the limited partnership agreement, the case should be stayed pending arbitration.

Therefore, it is ORDERED that the Defendants' "Motion to Dismiss for Lack of Personal Jurisdiction, or to Stay the Proceedings Pending Arbitration Pursuant to a Written Agreement to Arbitrate, or in the Alternative to Transfer the Case to the United States District Court for the Western District of Missouri" [Doc. No. 8] is:

(1) GRANTED with respect to the motion to dismiss defendant Benchmark for lack of personal jurisdiction and plaintiffs' claims against Benchmark are dismissed without prejudice; and

(2) GRANTED with respect to the motion to stay the proceedings pending arbitration and this action is STAYED pending arbitration.

_____
UNITED STATES DISTRICT JUDGE